UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Clarence T. Fox, Jr.,                ) C/A No. 2:10-2168-HFF-RSC
                                     )
                    Petitioner,      )
                                     )
vs.                                  )   REPORT AND
                                     )   RECOMMENDATION
Eric Holder; Federal Bureau of       )
Prisons; and Darlene Drew, Warden, in)
their official capacities,           )
                                     )
                    Respondents.     )
_____)

The petitioner, Clarence T. Fox, Jr. ("Petitioner"), proceeding *pro se*, filed this action in the United States District Court for the District of Columbia. The District of Columbia transferred the case to this Court upon finding that Petitioner seeks habeas relief pursuant to 28 U.S.C. § 2241,[1] and this Court has personal jurisdiction over Petitioner's immediate custodian. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004)(immediate custodian, the warden of the facility where prisoner is held, is proper respondent in habeas action). Petitioner is an inmate at Federal Correctional Institution, Bennettsville, South Carolina, a facility of the Federal Bureau of Prisons ("BOP").

## *PRO SE* HABEAS REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* habeas petition filed

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

in this case. The review was conducted pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). This court is charged with screening the petitioner's habeas petition and attachments to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts. *See also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

This court is required to construe *pro se* petitions liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (A document filed *pro se* is to be liberally construed.). Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true, *Hughes*, 449 U.S. at 9, but the

requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). The petition submitted in this case, even under this less stringent standard, is subject to summary dismissal.

## DISCUSSION

Petitioner is currently serving a life sentence and a concurrent sentence of two hundred and forty (240) months.[2] He alleges that the BOP has failed to ascertain the correct "date of offense" for computation of his life sentence. This is a recurring theme in several habeas actions Petitioner has filed. If fact, the petition in this case is the exact same as a petition filed by Petitioner on March 2, 2010, in the United States District Court for the District of Columbia, which was also transferred to this Court. *See Fox v. Drew*, Civil Action No. 2:10-780-HFF-RSC, 2010 WL 1755654 (April 29, 2010 D.S.C.). The final judgment summarily dismissing the petition in that case is currently on appeal to the United States Court of Appeals for the Fourth Circuit. *See Fox v.*

---

[2] On January 23, 1990, Petitioner was sentenced in the United States District Court for the Northern District of Florida for drug offenses in Criminal Case No. 89-01018-04-MMP. (Petition, Attachment No. 9, Exhibit "H"). Docket # 1-9.

3

*Drew*, No. 10-6692 (4th Cir. filed May 7, 2010).

The prior case (2:10-780) takes notice of two previous § 2241 cases Petitioner filed in this Court, stating:

> Petitioner has previously brought two actions, filed pursuant to 28 U.S.C. § 2241, in this District Court asserting nearly identical allegations as the instant action. *See Fox v. Drew*, Civil Action No. 2:09-1868-HFF-RSC, 2009 WL 2381304 (Aug. 3, 2009 D.S.C.), *aff'd Fox v. Drew*, No. 09-7578, 2010 WL 236708 (Jan. 21, 2010 D.S.C.); *Fox v. Rivera*, C/A No. 2:07-cv-03051-GRA-RSC, 2007 WL 3273551 (Nov. 2, 2007 D.S.C.), *aff'd Fox v. Rivera*, No. 07-7689, 2008 WL 2185428 (4th Cir. May 27, 2008).

A district court may take judicial notice of materials in the court's own files from prior proceedings. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992)(the district court had the right to take judicial notice of a prior related proceeding); *see also Fletcher v. Bryan*, 175 F.2d 716 (4th Cir. 1949).

This Court has already adjudicated the issues raised by Petitioner's current § 2241 petition, and thus, his current petition should be dismissed. *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970)("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient"). The petition in this case is a duplicate of the petition dismissed in Petitioner's prior case (2:10-780), which is currently on appeal. Therefore, the duplicate petition in this case should be summarily dismissed in the interests of judicial economy and efficiency.

**RECOMMENDATION**

Accordingly, it is recommended that the petition for a writ of habeas corpus be dismissed *without prejudice* and without requiring a response by the respondent. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return). **Petitioner's attention is directed to the important notice on the next page.**

							_____
							Robert S. Carr
							United States Magistrate Judge

September __1__, 2010
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).